FILED

2009 MAY 13  AM 11: 46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C.  CALIF.
LOS ANGELES

BY _____ NL

1  **Franklin Casco, Jr. (CSB #235815)**
2  LAW OFFICES OF CASCO & ASSOCIATES
   2600 Michelson Drive, Suite 1700
3  Irvine, CA 92612
   Tel. (949) 852-3570; Fax (949) 852-3571
4  frank@cascolawcenter.com

5  **Carl E. Douglas (CSB #097011)**
   THE DOUGLAS LAW GROUP
6  315 South Beverly Drive, Suite 305
   Beverly Hills, California 90212-4309
7  Tel. (310) 277-9595; Fax (310) 277-0177
   carl@thedouglasgroup.com
8
9  **Drew R. Antablin (CSB # 75710)**
   **Andrea D. Bruce (CSB # 256561)**
10 LAW OFFICES OF ANTABLIN & BRUCE
   8484 Wilshire Boulevard, Suite 215
11 Beverly Hills, CA 90211
   Tel. (323) 651-4490; Fax (323) 651-4990
12 antablin@sbcglobal.net
13
   *Attorneys for PLAINTIFFS*
14 **ELIDA MERCEDES PORTILLO; JOSUE ARTURO**
   **PORTILLO; LEONIDES PORTILLO, all Individually**
15 **and as Successors in Interest of CHRISTIAN ULISES PORTILLO**

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

18 ELIDA MERCEDES PORTILLO; JOSUE ARTURO ) CASE # **CV09-3376 RC**
   PORTILLO; LEONIDES PORTILLO, all )
19 Individually and as Successors in Interest of ) COMPLAINT FOR DAMAGES
   CHRISTIAN ULISES PORTILLO, Deceased, ) 1. 42 U.S.C. § 1983
20                                             ) 2. Discrimination/Civil Rights
                   *PLAINTIFFS,*              )    Violation (Civil Code § 51.7)
21                                             ) 3. Civil Rights Violation
           vs.                                 )    (CAL. CIV. CODE § 52.1(b)(h))
22                                             ) 4. Wrongful Death
                                               ) 5. Negligence. (Govt Code § 815.2(a))
23 COUNTY OF LOS ANGELES; LOS ANGELES ) 6. Negligent Hiring Supervision, and
   COUNTY SHERIFF'S DEPARTMENT;          )    Retention (Govt Code § 815.2(a))
24 DEPUTY LAMB, B.; DEPUTY MAXWELL,        ) 7. Battery
   M.; DEPUTY RODRIGUEZ, S.; AND 10      ) 8. Negligence
25 UNKNOWN OTHER NAMED DEFENDANTS, )
26                                             ) **JURY DEMAND**
                   *DEFENDANTS.*              )
27                                             )
28

                              1
                     **COMPLAINT FOR DAMAGES**

I/S
20

I.

## INTRODUCTORY ALLEGATIONS

1.    Jurisdiction is vested in this court under 28 U.S.C. section 1343(a)(3) & (4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. sections 1983 and 1985, and sections 1331 and 1367(a).    Jurisdiction is also vested in this court under the ancillary jurisdiction of this court.

2.    Venue is proper in the Central District of California and the County of Los Angeles under 42 U.S.C. section 1402(b) because the incidents alleged here occurred in this District.

3.    At all relevant times mentioned here, plaintiffs ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO   (PLAINTIFFS) were and are residents of Los Angeles County, California.    PLAINTIFFS were the natural and lawful family of decedent CHRISTIAN ULISES PORTILLO (hereinafter, for the sake of convenience, referred to as "MR. PORTILLO," " CHRISTIAN " and/or "decedent"). PLAINTIFFS are by law the surviving heirs of decedent, and his successors in interest under the provisions of California *Code of Civil Procedure* section 377.32.

4.    CHRISTIAN ULISES PORTILLO, now deceased, was a Latin American male, born December 20, 1973, and who died at the hands of the defendants in this action on July 24, 2008.

5.    In or about May, 2009, PLAINTIFFS complied with the provisions of California *Code of Civil Procedure* section 377.32 by, concurrently with the filing of this Complaint, signing and filing the affidavit referred to therein with this Court.

6.    At all times material to this action, defendant COUNTY OF LOS ANGELES (hereinafter referred to as "defendant COUNTY") was and is a governmental and public entity, and/or political subdivision within the State of California, duly organized and existing under the laws of the State of California.

7.    PLAINTIFFS are unaware of the true names and capacities of those defendants sued here as 10 unknown other named defendants, and therefore sue these defendants using their fictitious names.    PLAINTIFFS are informed and believe that these defendants and each of them were at all times relevant to this action agents and/or employees of defendant COUNTY OF LOS ANGELES, working as peace officer deputies and/or other employees and agents of the LOS ANGELES SHERIFF'S DEPARTMENT ("LASD"), and acting within the course and scope of that agency and/or employment. PLAINTIFFS are informed and believe that each and all of these defendants is legally responsible in some manner for the negligent, wrongful and/or intentional actions and inactions alleged here, whether by reason of their own actions and/or inactions or as a result of the conduct of their agents, employees, joint venturers and/or co-conspirators, and that the injuries and damages alleged in this complaint were legally caused by these actions and inactions.

8.    At all relevant times mentioned here, all defendants were the agents, partners, co-conspirators, and/or employees of each other, as well as of each of their co-defendants, and in doing the things alleged here, were each acting within the course and scope and in furtherance of that agency, conspiracy, and/or employment and with the permission and consent of each of their co-defendants.

9.    MR. PORTILLO died on July 24, 2008, at approximately some time after 11:43 p.m., at and about 11010 Dalerose Ave., in Lennox, California, when he was fatally shot numerous times by defendants DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and/or the unknown other named defendants, who at all such times were acting in the course and scope of their employment with defendant COUNTY.

10.    On or about July 24, 2008, MR. PORTILLO was sitting in a lawfully registered and parked motor vehicle at 11010 Dalerose Avenue, when he was approached by LASD deputies including the names defendant deputies, with their weapons drawn and

COMPLAINT FOR DAMAGES

1  pointed at his vehicle.  MR. PORTILLO's vehicle was parked in his driveway, on his
2  property, and he was talking on his cellular phone.  At that time, LASD deputies began to
3  aim their weapons at MR. PORTILLO and ordered him to put his hands up.

4        11.    When MR. PORTILLO placed his hands in the air, he did not attempt to flee,
5  he made no threatening or furtive gestures towards the deputies or any other persons, he
6  made no threatening statements towards the deputies, and he was not carrying any weapon
7  of any type.   As of that time, MR. PORTILLO did not present any imminent risk of death
8  or serious bodily injury to anyone at or near the scene, therefore the defendants were not
9  acting in self defense or in defense of others.   As of that time, MR. PORTILLO had not
10 broken any laws; there was no probable cause or any other reason for the defendants to have
11 believed that he had broken any laws or that had committed any crime.  It was at that
12 moment that various of the defendants, including but not limited to DEPUTY LAMB, B.,
13 DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S. began shooting their service
14 revolvers and/or guns at MR. PORTILLO, and at that time he was struck by 2 or more
15 bullets in his upper torso and his hands.  MR. PORTILLO collapsed, unable to sit, and
16 writhing in pain, as he was completely helpless from having been struck by numerous
17 bullets fired at him by the defendants.  MR. PORTILLO was then taken from his vehicle by
18 defendants and dragged to the front lawn of his home.   Some time soon after that point in
19 time, he expired as a result of the numerous bullets wounds inflicted on him by the
20 defendants.

21       12.    MR. PORTILLO did nothing to justify this use of deadly force against him.
22 He had not posed any reasonable threat of death or serious bodily injury to the named
23 defendants or any other involved employees or agents of defendant COUNTY, or any other
24 persons, so as to justify this use of deadly force against him.   Accordingly, the defendants'
25 use of deadly force under these circumstances was excessive, unlawful, malicious,
26 oppressive, and with a conscious and deliberate indifference to MR. PORTILLOS's rights
27 and safety.   Defendants knew that their shooting of MR. PORTILLO would in all
28

**COMPLAINT FOR DAMAGES**

probability kill or serious injure MR. PORTILLO. PLAINTIFFS are informed and believe that MR. PORTILLO's race, color and ancestry were each a substantial factor leading to the defendants' decision to shoot, assault and batter him given the circumstances with which they were then presented. Consequently, in choosing to exercise deadly force against him, each of the defendants discriminated against him on account of his race and in violation of his civil rights.

13. PLAINTIFFS are informed and believe that MR. PORTILLO did not die immediately after being shot by the defendants numerous times for no reason. Instead, he was alive for an unknown period of time after the incident when he was assaulted, battered, and shot by the defendants. It was clear, or through the exercise of reasonable diligence should have been clear, that MR. PORTILLO was then in immediate need of medical attention. Nevertheless, the defendants who assaulted, battered and shot him, including the named defendants, and other unknown defendant employees of the COUNTY who arrived on the scene, wrongfully, negligently, intentionally, and/or with deliberate indifference to MR. PORTILLO's rights and safety, failed to immediately summon medical assistance to the scene to attend to his injuries. This delay in seeking medical assistance demonstrated a conscious disregard for MR. PORTILLO's medical condition and his legal rights, and was a contributing factor in his death.

14. PLAINTIFFS further contend that the defendant COUNTY negligently hired, trained, managed and/or supervised the named individual defendants and the unknown other named defendants, leading to the actions, failures to act, and negligent and/or intentional conduct as alleged here.

15. On or about October 14, 2008, the PLAINTIFFS filed a timely Claim for Damages under the provisions of the California Government Code against the COUNTY for injuries and damages sustained as a result of the incident set forth in this complaint, and which Claim has been rejected within 6 months of the filing of this action.

5

### FOR THE FIRST CAUSE OF ACTION

**(ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST OF CHRISTIAN ULISES PORTILLO AGAINST ALL DEFENDANTS FOR FEDERAL CIVIL RIGHTS VIOLATIONS, 42 *U.S.C.* section 1983, 29 *U.S.C.* 2679(2)(a))**

16.     PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 15 above as if fully set forth here.

17.     This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to the PLAINTIFFS by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

18.     At all time relevant here, Defendant COUNTY employed LAMB, MAXWELL, RODRIGUEZ and the unknown Defendants as police officer employees and/or other employees of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. The COUNTY provided those employees and agents with official badges, identification, and uniforms which designated and described its bearer as a COUNTY employee and/or police officer.

19.     At all relevant times mentioned here, the named individual Defendants and 10 unknown other named Defendants, separately and in concert, acted under color of law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY.   Each of these Defendants deprived the Plaintiffs, and MR. PORTILLO, of the rights, privileges, and immunities secured to them by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the United States.

COMPLAINT FOR DAMAGES

20.    On or about July 24, 2008, LAMB, MAXWELL, RODRIGUEZ and the 10 unknown other named Defendants assaulted, battered, shot and fatally wounded MR. PORTILLO, as described above.   MR. PORTILLO was shot and killed and was deprived of his life, and deprived of his right to be free from unreasonable and unlawful seizures and use of force against him and of his right to bodily integrity and due process of law. PLAINTIFFS are informed and believe that each of the Defendants also willfully and intentionally undertook to protect their fellow police officers involved in this incident from civil and criminal liability by covering up the true facts of their interaction with CHRISTIAN, in violation of his civil rights.   These facts include but are not limited to:

A)   The preparation of false reports and the giving of false statements regarding the circumstances of their interaction with MR. PORTILLO.

21.    The facts alleged here are part of the customs, practices, policies and decisions of the COUNTY including but not limited to the following:

A)   Covering up the criminal and/or wrongful activities of fellow law enforcement officers, by false reporting, perjury and dishonesty, and engaging in a code of silence in violation of the rights and privileges of MR. PORTILLO and the PLAINTIFFS and other citizens subjected to the use of unreasonable force and unreasonable seizures of their persons;

B)   Inadequately and/or fraudulently investigation allegations of misconduct by fellow officers, including the use of force, in order to cover-up and protect fellow officers from disciplinary, criminal and civil actions;

C)   Refusing to supervise, reprimand and/or discipline law enforcement officers who engage in misconduct, contrary to the laws, rules and regulations of the LASD, thus effectively condoning the use of unreasonable force;

D)   Tacitly approving of law enforcement officers using their power and position to interfere with MR. PORTILLO's, the PLAINTIFFS, and other citizens' rights,

**COMPLAINT FOR DAMAGES**

including the right to be free in their bodily integrity, life, liberty, and security in their persons.

22.    The above acts or omissions of LAMB, MAXWELL, RODRIGUEZ and each of the unknown Defendants were undertaken while acting under the color of state law, and resulted in the violation of MR. PORTILLO's and PLAINTIFFS' Constitutional rights, as stated here.    Likewise, the customs, practices, policies, and decisions of the COUNTY alleged here and as applied to PLAINTIFFS and CHRISTIAN, resulted in a violation of each of their Constitutional rights.

23.    Each of the PLAINTIFFS has a liberty interest in maintaining the companionship and society of their son and brother.    Those rights and privileges are secured to the PLAINTIFFS by the provisions of the First Amendment and the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. section 1983.    All of these interests were implicated by the wrongful conduct of the Defendants which legally caused injury and damage to the PLAINTIFFS.

24.    Defendants and each of them acted outside the scope of their jurisdiction and without legal authorization.    Each of the Defendants separately and in concert, acted willfully, intentionally, knowingly, and/or with reckless disregard and callous indifference to deprive the PLAINTIFFS of their rights and privileges, and did in fact violate these rights and privileges.

25.    As a direct and legal result of the Defendants' acts, omissions, customs, practices,  policies and decisions, the PLAINTIFFS' and MR. PORTILLO's civil rights were violated.

26.    As a further legal result of the Defendants' conduct, CHRISTIAN lost his life, and each of the PLAINTIFFS has suffered severe emotional injuries, all in an amount to be determined according to proof at trial, but in excess of $ 5,000,000.00.

COMPLAINT FOR DAMAGES

27.    As a further legal result of the Defendants' conduct, PLAINTIFFS have been required to and have employed medical providers and psychologists to examine, treat and care for them, and have incurred and will continue to incur such expenses, in an amount according to proof at trial.

28.    As a further legal result of the Defendants' conduct, PLAINTIFFS have incurred funeral and burial expenses.

29.    PLAINTIFFS are entitled to and demand costs, attorney fees and expenses, all in an amount to be determined according to proof at trial pursuant to 42 *U.S.C.* section 1988 and 28 *U.S.C.* section 2412.

30.    The above acts of LAMB, MAXWELL and RODRIGUEZ, and each of the unknown other named Defendants were carried out with a conscious disregard for the rights and safety of CHRISTIAN, and the PLAINTIFFS, thereby justifying the award of punitive and exemplary damages against each of the Defendants, except as to Defendant COUNTY, in an amount according to proof at trial.    CHRISTIAN had committed no crime, nor any other unlawful act, he was unarmed, he presented no danger to anyone, and there was no probable cause to arrest, harm or shoot and kill him, yet the Defendants knowingly and maliciously  shot and killed him.

## FOR THE SECOND CAUSE OF ACTION

**(ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO AS SUCCESSORS
IN INTEREST OF CHRISTIAN ULISES PORTILLO AGAINST
ALL DEFENDANTS FOR DISCRIMINATION/CIVIL RIGHTS
VIOLATIONS, *Civil Code Sect. 51.7 and 52*) (SURVIVAL ACTION)**

31.    PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 15 above as if fully set forth here.

32.    PLAINTIFFS are informed and believe that defendants DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., the unknown other named defendants, all of whom were acting within the course and scope of their employment with defendant COUNTY, decided to assault, batter and/or fatally shoot CHRISTIAN ULISES PORTILLO as described above as a result of their racial prejudice against him because he was a Latin-American male.  PLAINTIFFS contend that the defendants would not have fatally shot MR. PORTILLO to death had he not been Latin-American.  Consequently, in choosing to exercise deadly force against MR. PORTILLO, each of the defendants discriminated against him on account of his race and deprived him of civil rights protected under the provisions of the California State Constitution.

33.    In committing the acts described above, each of the Defendants violated MR. PORTILLO's rights to be free from violence, and intimidation by threats of violence because of his race, as guaranteed him by *Civil Code* §§ 51.7 and 43, in that Defendants assaulted, battered and fatally shot him, and intimidated him by threatening to so assault, batter and/or shoot him.

34.    As a legal result of this unlawful use of deadly force, MR. PORTILLO died from damages and injuries he sustained in this incident.

35.    As a further legal result of the defendants' conduct as described here, prior to his death, MR. PORTILLO suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

36.    As a further legal result of the conduct described here, MR. PORTILLO's estate and/or successors have incurred medical, funeral, burial, and other expenses, all in an amount to be determined according to proof at trial.

37.    As a further legal result of the conduct described here, MR. PORTILLO's

estate and/or successors have incurred damage to property, in that the vehicle owned by MR. PORTILLO was damaged as a result of the acts and conduct of the defendants, all in an amount to be determined according to proof at trial.

38.     In doing the acts alleged in this complaint, each of the defendants, DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and the unknown other named defendants,  knew or should have known that their actions were highly likely to severely and/or fatally injure MR. PORTILLO.  PLAINTIFFS are informed and believe, and on that basis allege, that each of those defendants intended to cause MR. PORTILLO injury and acted with a malicious, willful and conscious disregard for his rights as secured by *Civil Code* § 51.7.  He did nothing to justify the use of deadly force against him.  He was unarmed and had not posed any reasonable threat of death or serious bodily harm to any person at or about the scene.   He did not attempt to flee the scene.   The unjustified use of deadly force against him was inflicted, in whole or in part, on account of his race, and with the intent to maliciously and oppressively deny him of his civil rights, and/or to deprive him of his life, and/or to inflict severe bodily injury on him.  Accordingly, the conduct of DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and the unknown other named defendants in assaulting, battering and fatally shooting him justifies the  awarding of punitive damages against each of them pursuant to *Civil Code* § 52(b)(1) and *Civil Code* § 3294.

39.     As a further legal result of this civil rights violation, PLAINTIFFS seek the award of reasonable attorney fees as provided for in *Civil Code* §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

40.     As a further legal result of this civil rights violation, PLAINTIFFS seek in addition to the other damages stated here, the statutory civil penalty of $25,000 per wrongdoer, except as to defendant COUNTY,  pursuant to *Civil Code* § 52(b)(2).

/ / / / /

## FOR THE THIRD CAUSE OF ACTION

### (ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO AS SUCCESSORS

### IN INTEREST OF CHRISTIAN ULISES PORTILLO AGAINST DEFENDANTS

### DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10

### UNKNOWN OTHER NAMED DEFENDANTS for CIVIL RIGHTS VIOLATION,

### *Civil Code* §§ 52.1(b) and 52.1(h)) (SURVIVAL ACTION)

41.    PLAINTIFFS incorporate by reference the allegations in paragraphs 1 through 15 and 32 through 40 above as if fully set forth here.

42.    On or about July 24, 2008, at the location indicated above, each of the defendants DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other named defendants interfered with MR. PORTILLO's exercise and enjoyment of rights guaranteed him by *Civil Code* § 52.1 and *California Constitution*, Article I, §§ 7 and 31, including the right to equal protection under the laws of California and the right not to be discriminated against on account of his race.    Specifically, each of these defendants discriminated against and interfered with his right to be free of any threats and/or acts of violence or intimidation on account of MR. PORTILLO's race; and, MR. PORTILLO was additionally discriminated against and denied equal protection and equal rights under the law in that he was assaulted, battered, shot, and ultimately killed, on account of his race as a Latin American male.

43.    As a legal result of this unjustified used of deadly force and discrimination, MR. PORTILLO died from the damages and injuries he sustained in this incident.

44.    As a further legal result of the defendants' conduct as described here, prior to his death, MR. PORTILLO suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

45.    As a further legal result of the conduct described here, MR. PORTILLO's successors  have incurred medical, funeral, burial, and other expenses, and damage to property, all in an amount to be determined according to proof at trial.

46.    In doing the acts alleged in this complaint, each of the defendants, DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other named defendants knew or should have known that their actions were likely to severely injure MR. PORTILLO.    PLAINTIFFS are informed and believe, and on that basis allege, that each of those defendants intended to cause MR. PORTILLO severe injury and acted with a malicious, willful and conscious disregard for his rights as secured by *Civil Code* § 52.1 and the *California Constitution*.  MR. PORTILLO did nothing to justify the use of deadly force against him.  He was unarmed and had not posed any reasonable threat of death or serious bodily harm to any person at or about the scene.    He did not attempt to flee the scene.   The unjustified use of deadly force against him was inflicted, in whole or in part, on account of his race, and with the intent to maliciously and oppressively deny him of his civil rights, and/or to deprive him of his life, and/or to inflict severe bodily injury on him. Accordingly, the conduct of DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other named defendants in assaulting, battering and fatally shooting him justifies the  awarding of punitive damages against each of them pursuant to *Civil Code* § 52(b)(1).

47.    As a further legal result of this civil rights violation, PLAINTIFFS seek the award of reasonable attorney fees as provided for in *Civil Code* §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

48.    As a further legal result of this civil rights violation, PLAINTIFFS seek in addition to the other damages stated here, the statutory civil penalty of $25,000.00  per wrongdoer pursuant to *Civil Code* § 52(b)(2).

## FOR THE FOURTH CAUSE OF ACTION

## (ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO AS SUCCESSORS

## IN INTEREST OF CHRISTIAN ULISES PORTILLO, INDIVIDUALLY, AGAINST ALL DEFENDANTS FOR WRONGFUL DEATH)

49.      PLAINTIFFS ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO incorporate by reference the allegations in paragraphs 1 through 15, 18, 19, 32, 33, 42 and 43, as if fully set forth here.

50.      On and before July 24, 2008 ELIDA MERCEDES PORTILLO was the lawful mother, and the heir at law of PORTILLO, entitled to bring this action pursuant to California *Code of Civil Procedure* § 377.60.   On and before July 24, 2008 JOSUE ARTURO PORTILLO was the lawful father, and the heir at law of PORTILLO, entitled to bring this action pursuant to California *Code of Civil Procedure* § 377.60.   On and before July 24, 2008 LEONIDES PORTILLO was the lawful brother, and the heir at law of PORTILLO, entitled to bring this action pursuant to California *Code of Civil Procedure* § 377.60.

51.      On or about July 24, 2008, as described above, MR. PORTILLO was assaulted, battered, and fatally shot and killed by the defendants.   At that time and place, MR. PORTILLO did nothing to justify this use of deadly force by the defendants against him.   He had not posed any reasonable threat of death or serious bodily injury to the defendants or any other person, so as to justify their use of deadly force against him.   Consequently, this use of deadly force was wrongful, unlawful, and in willful disregard of his rights.

52.      Under an alternative theory of recovery, the plaintiff is informed and believes that each of the defendants negligently, carelessly, and recklessly discharged their weapons at MR. PORTILLO.   As a result of the negligent, careless and reckless manner in which

they attempted to detain him, MR. PORTILLO was shot, rendered unconscious and later died.

53.    As a legal result of each of the defendants' conduct as described here, and the subsequent death of MR. PORTILLO, each of the PLAINTIFFS has sustained pecuniary damages resulting from the loss of the love, comfort, society, companionship, attention, services, support and financial support from MR. PORTILLO, all in an amount to be determined according to proof at trial.

54.    As a further legal result of the conduct described here, PLAINTIFFS are informed and believe that they will each incur expenses to hire psychiatrists and psychologists to examine treat and care for them by reason of defendants' conduct and Mr. PORTILLO's death, all in an amount to be determined according to proof at trial.

55.    As a further legal result of the conduct of each of these defendants, the PLAINTIFFS have incurred medical, funeral and burial expenses all in an amount to be determined according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION

**(ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO AS SUCCESSORS**

**IN INTEREST OF CHRISTIAN ULISES PORTILLO AGAINST**

**AGAINST DEFENDANTS DEPUTY LAMB, B., DEPUTY MAXWELL, M.,**

**DEPUTY RODRIGUEZ, S., and 10 OTHER UNKNOWN NAMED DEFENDANTS,**

**FOR NEGLIGENCE** *(Govt Code* § 815.2(a)) **(SURVIVAL ACTION)**

56.    PLAINTIFFS incorporate by reference the allegations in paragraphs 1 through 15, 18, 19, 32, 33, 42, 43, and 50 through 55 above as if fully set forth here.

57.    On or about July 24, 2008 at the time and place described above,

each of the defendants DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other named defendants, public employees acting within the course and scope of their employment, negligently, carelessly, and without reasonable care assaulted, battered, detained, discharged their firearms, and/or in some fashion negligently, carelessly and/or recklessly inflicted serious bodily harm and injury to MR. PORTILLO, including but not limited to as a result of their having shot him with their firearms.   Thereafter, and as a result of that negligent conduct and the injuries he sustained as a result, and after some period of time, MR. PORTILLO passed away.

58.    As a legal result of the defendants' negligent conduct as described here, prior to his death, MR. PORTILLO suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

59.    As a further legal result of the conduct described here, the PLAINTIFFS as successors of MR. PORTILLO, have incurred medical funeral, burial, and other expenses, and damage to property, all in an amount to be determined according to proof at trial.

## FOR THE SIXTH CAUSE OF ACTION

**(ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO AS SUCCESSORS**
**IN INTEREST OF CHRISTIAN ULISES PORTILLO AGAINST COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**
**FOR NEGLIGENT HIRING, RETENTION AND**
**SUPERVISION, *Govt Code* § 815.2(a)) (SURVIVAL ACTION)**

60.    PLAINTIFFS incorporate by reference the allegations in paragraphs 1 through 15, 18, 19, 32, 33, 42, 43, and 56 through 59, as if fully set forth here.

61.    PLAINTIFFS are informed and believe that on or before July 24, 2008, defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT negligently hired, trained, and supervised defendants DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other named defendants, leading to the actions and failures to act as alleged here. In addition, PLAINTIFFS are informed and believe that the COUNTY, LASD knew, or through the exercise of reasonable diligence should have known, that each of the involved employees, DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other named defendants were insufficiently, improperly and negligently trained to perform their job responsibilities at LASD and/or for defendant COUNTY in dealing with members of the public, and/or discharging their duties as law enforcement deputies, and/or that those defendants were poorly trained, aggressive and violent persons who posed a threat of danger to members of the public, including but not limited to MR. PORTILLO. The actions and inactions described here are unfortunately part of the custom, habit and practice of certain employees of Defendant COUNTY and/or LASD, and the failure to properly train those employees is and for a significant period of time prior to July 24, 2008, likewise was part of the custom, habit and practice of LASD and its managerial staff.

62.    As a legal result of the defendants' conduct as described here, prior to his death, MR. PORTILLO suffered severe physical and emotional pain and injury to his mind and body when he was assaulted, battered and shot on July 24, 2008, all in an amount to be determined according to proof at trial.

63.    As a further legal result of the conduct described here, ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO, as successors of MR. PORTILLO, have incurred medical, funeral, burial, and other expenses, and property damage, all in an amount to be determined according to proof at trial.

## FOR THE SEVENTH CAUSE OF ACTION

## (ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO AS SUCCESSORS IN INTEREST OF CHRISTIAN ULISES PORTILLO AGAINST

## ALL DEFENDANTS FOR BATTERY) (SURVIVAL ACTION)

64.    PLAINTIFFS  incorporate by reference the allegations contained in paragraphs 1 through 15, 18, 19, 20, 30, 32, 33, 42 and 43 above as if fully set forth here.

65.    PLAINTIFFS are informed and believe that defendants DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other names defendants, all of whom were acting within the course and scope of their employment with defendant COUNTY, and/or with the knowledge, permission and consent of those defendants, decided to assault, batter, and discharge their firearms at MR. PORTILLO with no cause therefore and when MR. PORTILLO had not posed any reasonable threat of death or serious bodily injury to anyone, as described above, as a result of their racial prejudice against him because he was an Latin-American male.  The PLAINTIFFS contend that the defendants would not have shot MR. PORTILLO to death had he not been Latin-American. The defendants proceeded to assault, batter, and shoot at CHRISTIAN, which acts resulted in his death on July 24, 2008, after a presently unknown period of time when he remained alive after having been battered and shot by the defendants.

66.    MR. PORTILLO  did not consent to the above acts of battery committed on his person.

67.    The battery committed upon CHRISTIAN was committed by the defendants with the intent to harm and/or offend him, and the battery committed upon him did in fact cause harm to him, by causing severe physical injuries which later resulted in his death.

68.    As a further legal result of the defendants' conduct as described here, prior to his death, MR. PORTILLO suffered severe physical and emotional pain and injury to his mind and body, and which later resulted in his death, and as a result of which medical-related and funeral and burial expenses were incurred, in a sum according to proof at time of trial.

69.    In doing the acts alleged in this complaint, each of the defendants knew or should have known that their actions were highly likely to severely injure MR. PORTILLO. PLAINTIFFS are informed and believe, and on that basis allege, that each of those defendants intended to cause CHRISTIAN injury, and acted with a malicious, willful and conscious disregard for his rights.   He did nothing to justify the use of deadly force against him. He was unarmed and had not posed any reasonable threat of death or serious bodily harm to any person at or about the scene.   He did not attempt to flee the scene.   The unjustified use of deadly force against him was inflicted, in whole or in part, on account of his race, and with the intent to maliciously and oppressively deny him of his civil rights, and/or to deprive him of his life, and/or to inflict severe bodily injury on him. Accordingly, the conduct of DEPUTY LAMB, B., DEPUTY MAXWELL, M., DEPUTY RODRIGUEZ, S., and 10 unknown other names defendants,  in assaulting, battering and fatally shooting him justifies the  awarding of punitive damages against each of them pursuant to *Civil Code* § 3294.

### FOR THE EIGHTH CAUSE OF ACTION
### (ELIDA MERCEDES PORTILLO AND JOSUE ARTURO PORTILLO, INDIVIDUALLY, AGAINST ALL DEFENDANTS FOR NEGLIGENCE)

70.    PLAINTIFFS  incorporate by reference the allegations contained in paragraphs 1 through 15, 18, 19, 32, 33, 42, 43 and the Fourth and Fifth Causes of Action above as if fully set forth here.

71.    At the time MR. PORTILLO was shot and killed by the defendants, as described above, PLAINTIFFS ELIDA MERCEDES PORTILLO and JOSE ARTURO PORTILLO, his mother and father, were present at 11010 Dalerose Avenue, Lennox, California.    These PLAINTIFFS witnessed the named defendants approaching CHRISTIAN and witnessed the shooting of CHRISTIAN.   At the time their son was shot and killed, ELIDA and JOSE PORTILLO were aware, as a result of their own personal observations, that their son was being shot and seriously injured and/or killed by the defendants.

72.    The defendants breached their duty of care to MR. PORTILLO by negligently, carelessly and recklessly discharging their firearms at him, when he had committed no act of wrongdoing, when he was obeying all laws, and when he presented no threat of harm to anyone, yet the defendants shot and killed him.

73.    As a result of their having witnessed the shooting of, and death of their son, PLAINTIFFS ELIDA and JOSE PORTILLO have sustained, and in the future will sustain, serious, severe, substantial and enduring emotional distress, discomfort and suffering, all in a sum according to proof at time of trial.    That emotional distress commenced on July 24, 2008 and continues through and including the present.    That severe emotional distress includes, but is not limited to, shock to their nervous systems and persons, grief, depression, anxiety, emotional upset, sleeplessness, and related extreme mental distress.

74.    As a further result of defendants' conduct, PLAINTIFFS have incurred and will continue to incur expenses for medical care, in a sum according to proof.

COMPLAINT FOR DAMAGES

WHEREFORE, PLAINTIFFS pray for judgment against the defendants as follows:

### FOR THE FIRST CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial;

2. For damages for violation of civil rights, and emotional injuries according to proof;

3. For medical, funeral, burial and related expenses in an amount to be determined according to proof at trial;

4. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial;

5. For punitive damages against each of the defendants except defendant County of Los Angeles and LASD; and

### FOR THE SECOND CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial;

2. For medical, funeral, burial and related expenses in an amount to be determined according to proof at trial;

3. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to *Civil Code* § 52(a), (b)(3);

4. For punitive damages against each of the defendants except defendant County of Los Angeles and LASD pursuant to *Civil Code* § 52(b)(1) and/or *Civil Code* § 3294; and

5. For a statutory civil penalty of $25,000 pursuant to *Civil Code* § 52(b)(2) against each of the defendants except defendant County of Los Angeles and LASD.

**COMPLAINT FOR DAMAGES**

1

2

**FOR THE THIRD CAUSE OF ACTION**

3
4
1.    For general damages in an amount to be determined according to proof at trial;

5
6
2.    For medical, funeral, burial and related expenses in an amount to be determined according to proof at trial;

7
8
9
3.    For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to *Civil Code* § 52(a), (b)(3);

10
11
4.    For punitive damages against each of the defendants except defendant County of Los Angeles and LASD pursuant to *Civil Code* § 52(b)(1); and

12
13
14
5.    For a statutory civil penalty of $25,000 pursuant to *Civil Code* § 52(b)(2) against each of the defendants except defendant County of Los Angeles and LASD.

15

16

**FOR THE FOURTH CAUSE OF ACTION**

17
18
1.    For general damages in an amount to be determined according to proof at trial including loss of love, affection, support, financial support, and comfort;

19
20
2.    For psychological and related medical expenses incurred in an amount to be determined according to proof at trial; and

21
22
3.    For medical, funeral and burial expenses in an amount to be determined according to proof at trial.

23

24

**FOR THE FIFTH CAUSE OF ACTION**

25
26
1.    For general damages in an amount to be determined according to proof at trial; and

27
28
2.    For medical, funeral and burial expenses in an amount to be determined

**COMPLAINT FOR DAMAGES**

according to proof at trial.

## FOR THE SIXTH CAUSE OF ACTION

1.   For general damages in an amount to be determined according to proof at trial; and

2.   For medical, funeral and burial expenses in an amount to be determined according to proof at trial.

## FOR THE SEVENTH CAUSE OF ACTION

1.   For general damages in an amount to be determined according to proof at trial;

2.   For medical, funeral, burial and related expenses in an amount to be determined according to proof at time of trial; and

3.   For punitive damages against each of the defendants except defendant County of Los Angeles and LASD pursuant to *Civil Code* § 52(b)(1);

## FOR THE EIGHTH CAUSE OF ACTION

1.   For general damages in an amount to be determined according to proof at trial;  and

2.   For medical related expenses in an amount to be determined according to proof at time of trial.

## FOR ALL  CAUSES OF ACTION

1.   Costs of suit;

2.   For such other and further relief as the court deems just and proper.

1
2
3

**DEMAND FOR JURY TRIAL**

4
5

PLAINTIFFS hereby demand a trial by jury of all issues in this action.

6
7
8
9

**DATED:** ___5__|_12_|___ , 2009

10
11

       **Respectfully Submitted,**
       **LAW OFFICES CASCO & ASSOCIATES**

12
13
14
15

       **FRANKLIN CASCO, JR.**

16

       *ATTORNEY FOR PLAINTIFFS*

17
18

       **THE DOUGLAS LAW GROUP**

19
20
21

5/12/09

22

       **CARL E. DOUGLAS**

23

       *ATTORNEY FOR PLAINTIFFS*

24
25
26
27
28

24

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF CASCO & ASSOCIATES
Franklin Casco, Jr. (CSB #235815)
Carl E. Douglas (CSB #097011)
Drew R. Antablin (CSB # 75710)
2600 Michelson Drive, Suite 1700    **FOR OFFICE USE ONLY**
Irvine, CA 92612       Tel. (949) 852-3570

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIDA MERCEDES PORTILLO; JOSUE ARTURO PORTILLO; LEONIDES PORTILLO *See Attached*<br><br>PLAINTIFF(S)<br><br>v.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; _ .<br>*See Attached*<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-3376 RC**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):   COUNTY OF LOS ANGELES, ET AL.

    A lawsuit has been filed against you.

    Within    20    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,   FRANKLIN CASCO, JR.   , whose address is   2600 MICHELSON DRIVE SUITE 1700, IRVINE, CA 92612   .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                              Clerk, U.S. District Court

                              **NATALIE LONGORIA**
Dated:    **MAY 13 2009**    By: _____

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1198

**FOR OFFICE USE ONLY**

CV-01A (12/07)                      SUMMONS

**Franklin Casco, Jr. (CSB #235815)**
LAW OFFICES OF CASCO & ASSOCIATES
2600 Michelson Drive, Suite 1700
Irvine, CA 92612
Tel. (949) 852-3570; Fax (949) 852-3571
frank@cascolawcenter.com

**Carl E. Douglas (CSB #097011)**
THE DOUGLAS LAW GROUP
315 South Beverly Drive, Suite 305
Beverly Hills, California 90212-4309
Tel. (310) 277-9595; Fax (310) 277-0177
carl@thedouglasgroup.com

**Drew R. Antablin (CSB # 75710)**
**Andrea D. Bruce (CSB # 256561)**
LAW OFFICES OF ANTABLIN & BRUCE
8484 Wilshire Boulevard, Suite 215
Beverly Hills, CA 90211
Tel. (323) 651-4490; Fax (323) 651-4990
antablin@sbcglobal.net

*Attorneys for PLAINTIFFS*
**ELIDA MERCEDES PORTILLO; JOSUE ARTURO**
**PORTILLO; LEONIDES PORTILLO, all Individually**
**and as Successors in Interest of CHRISTIAN ULISES PORTILLO**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIDA MERCEDES PORTILLO; JOSUE ARTURO PORTILLO; LEONIDES PORTILLO, all Individually and as Successors in Interest of CHRISTIAN ULISES PORTILLO, Deceased, <br><br> *PLAINTIFFS,* <br><br> VS. <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DEPUTY LAMB, B.; DEPUTY MAXWELL, M.; DEPUTY RODRIGUEZ, S.; AND 10 UNKNOWN OTHER NAMED DEFENDANTS, <br><br> *DEFENDANTS.* | CASE #: <br><br> COMPLAINT FOR DAMAGES <br> 1. 42 U.S.C. § 1983 <br> 2. Discrimination/Civil Rights Violation (Civil Code § 51.7) <br> 3. Civil Rights Violation (CAL. CIV. CODE § 52.1(b)(h)) <br> 4. Wrongful Death <br> 5. Negligence. (Govt Code § 815.2(a)) <br> 6. Negligent Hiring Supervision, and Retention (Govt Code § 815.2(a)) <br> 7. Battery <br> 8. Negligence <br><br> JURY DEMAND |

1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ELIDA MERCEDES PORTILLO, JOSUE ARTURO PORTILLO AND LEONIDES PORTILLO | COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DEPUTY LAMB, B.; DEPUTY MAXWELL, M.; DEPUTY RODRIGUEZ, S.; AND 10 UNKNOWN OTHER NAMED DEFENDANTS |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Franklin Casco, Jr., Carl E. Douglas, Drew R. Antablin 2600 Michelson Drive, Suite 1700 Irvine, CA 92612 Tel. (949) 852-3570 Fax (949) 852-3571 | H. Anthony Nicklin County Counsel 500 West Temple Street Los Angeles, CA 90012-2713 (213) 687-8822 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 34,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1. 42 U.S.C. § 1983. 2. Discrimination/Civil Rights Violation (Civil Code § 51.7), 3. Civil Rights Violation  (CAL. CIV. CODE § 52.1(b)(h)), 4. Wrongful Death

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ **CV09-3376**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date   May 12, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |